In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-127 CR


____________________



DAVID LEE ROUTT, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 91504






MEMORANDUM OPINION


 A jury convicted appellant David Lee Routt of robbery and assessed punishment at
ten years of confinement. In a single issue on appeal, Routt asserts that one of the State's
witnesses committed perjury regarding special treatment received in exchange for his
testimony, and the witness's perjury materially affected the outcome of the trial. We affirm.

 Routt contends that Joseph Howard, a witness for the State and a co-participant in the
robbery, committed perjury when he testified that he did not receive a plea bargain in
exchange for his testimony. Howard testified that he had two prior convictions for state jail
felonies and a prior conviction for burglary. When asked whether he was testifying "to get
somebody to cut you some slack on this sentencing," Howard responded that he was facing
the same charge and could receive up to twenty years of confinement. When asked why he
agreed to testify, Howard stated, "Because I'm sorry for what I did." 

 As Routt correctly points out, the Texas Penal Code provides that "If it is shown on
the trial of a second-degree felony that the defendant has been once before convicted of a
felony, on conviction he shall be punished for a first-degree felony." Tex. Pen. Code Ann.
§ 12.42(b) (Vernon Supp. 2005). The punishment range for a first-degree felony is five to
ninety-nine years of confinement. Tex. Pen. Code Ann. § 12.32(a) (Vernon 2003). Routt
asserts that because Howard had a prior conviction for burglary, "it is impossible for him to
only be facing a maximum of twenty (20) years in the penitentiary for this crime unless he
had an agreement with the State not to enhance his indictment with his prior convictions." 
Routt maintains that the "extremely large variance in the possible penitentiary time the
witness could have been sentenced to serve constitutes an enticing incentive for the witness
to commit perjury and place the primary responsibility for the robbery on [Routt]." Routt
asserts that because the State chose not to enhance Routt's sentence, Routt must have
committed perjury when he denied having a plea bargain with the State.

 Initially, we note that Routt did not object to Howard's allegedly perjured testimony
or file a motion for new trial. See Tex. R. App. P. 33.1(a). However, assuming arguendo that
Routt preserved the issue for our review, he bears the burden of showing that Howard's
testimony was false. See Hawkins v. State, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983). An
allegation of perjury must be supported by the record. Id. The record before us does not
reflect why the State may have chosen not to enhance Howard's sentence, nor does it
demonstrate that Howard's testimony was false. See Tex. Pen. Code Ann. § 37.02 (Vernon
2003). Accordingly, we overrule Routt's sole issue and affirm the trial court's judgment.

 AFFIRMED.


 ______________________________ 
 STEVE McKEITHEN

 Chief Justice


Submitted on July 11, 2006

Opinion Delivered August 9, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.